JOHNSON, Judge.
This is an appeal from a judgment for damages entered on a jury verdict against the appellant and in favor of the appellee in the amount of $477.77.
The facts appear to be that a Mr. Cham-berlin was the owner and operator of radio station WAXE at Vero Beach, Florida, from about 1957 until May 29, 1963, and from May 29, 1963 until February 18, 1964, he operated said station pursuant to a circuit court order. The appellant was the owner and holder of a chattel mortgage encumbering all of the property of Mr. Chamberlin used in the operation of said Station WAXE, and which property was itemized in said mortgage. Upon default in payment of said mortgage, the appellant instituted a foreclosure proceeding against Mr. Chamberlin, which resulted in a summary final decree on May 29, 1963, which decree, inter alia, decreed the amounts due the plaintiff therein, appellant herein, by virtue of said mortgage, including costs, interest and attorneys fees. Also, said decree directed that sale of said property be made on June 17, 1963, subject to approval by the Federal Communications Commission. Said final decree also provided that the defendant, Mr. Chamberlin, would continue to operate said Station until the transfer was .approved by the Federal Communications Commission, and to make his report to the court. Pursuant thereto the sale was held and the clerk issued its “certificate of sale” ■on June 17, 1963. Certificate of Title, however, was not issued to the purchaser at said sale, Mr. Cassel, the appellant herein, until February 18, 1964. On the •same date, February 18, 1964, the appellant executed a bill of sale to the same property to Shargo, Inc. On May 6, 1964, Mr. Chamberlin filed with the court a report of “Receivership Operation of WAXE from May 29, 1963, through February 18, 1964.” Attached thereto was an itemized breakdown of Chamberlin’s operations, as to income and expenses, paid and unpaid, which included the item of $477.77 to University Athletic Association, and acknowledging that Chamberlin had so operated said station pursuant to the final decree of May 29, 1963.
The facts relative to the foreclosure proceeding, as outlined supra, was proffered in evidence by the appellant Cassel, by use of a record of said proceedings which were had in Indian River County, Florida. The trial court denied the proffer on the ground that same was immaterial and irrelevant. Appellant contended throughout the present case that this evidence was material and necessary to show the existence or non-existence of agency between Chamberlin and appellant which could or could not bind this appellant for any contracts while Chamber-lin was operating said Station. The trial court refused to allow any evidence of this nature. This is the primary basis of appeal.
In the case sub judice, the alleged contract upon which this suit was predicated was dated June 4, 1963, signed by Mr. Chamberlin. This was some 5 or 6 days after the final decree of foreclosure by Cassel against Chamberlin, which was attempted to be placed in evidence by Cassel, but refused by the Court.
Grouping all of the assignments of error which we think material to this decision, and treating them collectively, we think the trial court was in error in refusing to permit the defendant Cassel to offer evidence of the relationship between Cassel and Chamberlin existing at the time the alleged contract was signed by Chamberlin. The appellee admits there was not a novation of the agreement involved, so that the alleged conversation between Mr. Beard and Mr. Cassel at some Rotary meeting is not too material. What does appear to us to be material, is, why was the defendant Cassel obligated to pay for the actions of Chamberlin? It is apparent that until May *601 29, 1963, Cassel was only a mortgagee. That from May 29, 1963, until February 18, 1964, Cassel was the beneficiary named in a Certificate of Sale, only, and had no title over which he could exercise any control until February 18, 1964. This was expressly provided for in the foreclosure proceeding, which proceedings were the only foundation for fixing any right or title in Cassel. Without said foreclosure proceeding, Cassel would never have acquired an interest in the Station under which the alleged contract with Chamberlin could have attached. The appellee’s agent, Mr. Beard, was aware of this foreclosure proceeding and “apparent” ownership by Mr. Cassel. Being thus aware of the change in ownership, the ap-pellee could very easily have checked the public record in Indian River County and ascertained the status of Mr. Chamberlin and Mr. Cassel. This would have revealed the fact that Mr. Cassel was helpless to do anything about confirming the contract of Mr. Chamberlin dated June 4, 1963 or about cancelling same. Any conversation between Mr. Beard and Mr. Cassel relative thereto, prior to February 18, 1964, could not have changed anything. Mr. Chamber-lin was the court appointed party responsible only to the court for the operation of said Station from May 29, 1963 to February 18, 1964. Therefore it was material to determine the existence or non-existence of an agency and whether or not one could legally exist under the circumstance laid down in the final decree in the foreclosure proceeding. There can be no implied agreement or contracts if it is legally impossible for one of the parties to make such agreement and this fact is known or could have been ascertained from the public record by the other party. Mr. Cassel could not interfere with the court’s appointed agent in the operation of said Station. Therefore, these facts became material and should have been accepted by the trial court. This evidence having been offered in support of Cassel’s motion for summary judgment, we think the trial court erred in not granting said motion in favor of the appellant. Neither the conversation between Mr. Beard and the appellant, nor the appellant’s failure to answer alleged letters from Mr. Beard, were sufficient to create an estoppel to deny liability where the facts as here, were such as to preclude the appellant from being legally able to act.
For the reasons stated, the judgment appealed from is reversed.
WIGGINTON, Acting C. J., and SPEC-TOR, J., concur.